IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA

V.                                              CAUSE CR-B-00-378

JOSE JESUS VASQUEZ-MONTERO        CIVIL ACTION B-02-209

## MOTION TO VACATE, SET ASIDE OR CORRECT
## THE SENTENCE PURSUANT TO 28 U.S.C. 2255

COMES NOW JOSE JESUS VASQUEZ-MONTERO, by and through his attorney Edward A. Stapleton III, and moves this Court correct the sentence of movant. In support thereof, movant would show as follows:

1. This Court has jurisdiction over this matter pursuant to section 2255 of title 28 in that Mr. Vasquez is (1) a prisoner in custody under sentence of this Court established; (2) claiming the right to be released on ground that the sentence is subject to collateral attack; and (3) this claim is made within a year of the date of entry of judgment following appeal of December 12, 2001, memorandum to counsel regarding appeal is attached as Exhibit "A."

2. Mr. Vasquez had judgment imposed upon him by this Court, for illegal reentry into the United States after having been previously convicted of an aggravated felony. And was sentenced by visiting judge, Judge Ivan L.R. Lemelle, and given a sentence of seventy-seven months. Attached is a copy of the sentencing hearing as Exhibit "B."

3. Mr. Vasquez would show that since the date of his sentence, the sentencing guidelines have been reduced for his prior offense which was a negligent homicide resulting from alcoholism for which he was convicted nearly twenty years before. Because of amendments which now acknowledge that driving

while intoxicated is not a crime of violence for the purpose of enhancement, we would urge that the consequences of this act, the negligent homicide is also not a crime of violence. Accordingly, we urge that a change in the law has changed Mr. Vasquez' condition and he should be sentenced by this Court accordingly.

WHEREFORE, Defendant prays that this Court grant the motion of Mr. Vasquez to be have his sentence be reconsidered and pronounced again by this Court in light of changes in the law.

Respectfully submitted,

By: *Ed Stapleton* (signature)
Ed Stapleton
Lawyer
Texas Bar No. 19058400
Southern District Bar No:
306 North Highway 377
Argyle, Texas 76226
Tel. (940)464-2500
Fax. (940)464-6050
Attorney for Defendant Jose Jesus Vasquez-Montero

## CERTIFICATE OF SERVICE

I certify that on October 24, 2002 a true and correct copy of Defendant's Notice of Removal was served by facsimile transmission on Mark Dowd, Assistant United States Attorney.

Ed Stapleton

```
 1   PROCEEDINGS, DECEMBER 15, 2000:
 2        [PROCEEDINGS BEFORE THE HON. IVAN L.R. LEMELLE]
 3   [INTERPRETED]
 4        MR. STAPLETON:  Ed Stapleton for Jose Jesus
 5   Vasquez-Montero.
 6        THE COURT:  What is the case number here?
 7   00-Criminal Action-378-001.
 8        State your full name, sir, for the record.
 9        THE DEFENDANT:  Jose Jesus Vasquez-Montero.
10        THE COURT:  Counsel for the Government.
11        MS. KIRKPATRICK:  Lynn Kirkpatrick for the
12   Government, Your Honor.  Present and ready.
13        THE COURT:  Have you received the presentence report,
14   Mr. Vasquez, and gone over it with your lawyer?
15        THE DEFENDANT:  Yes.
16        THE COURT:  Any reason, counsel, why sentencing
17   should not occur today?
18        MR. STAPLETON:  No, Your Honor.
19        THE COURT:  You agree with that, Mr. Vasquez?
20        THE DEFENDANT:  Yes.
21        THE COURT:  I am looking at the report now.  Any
22   objections filed by the defendant, Mr. Stapleton?
23        MR. STAPLETON:  No, Your Honor.
24        THE COURT:  You agree with that, Mr. Vasquez?  You
25   have no objections to the report?
```

1           THE DEFENDANT:  No, there wasn't.

2           THE COURT:  None from the Government, correct?

3           MS. KIRKPATRICK:  None from the Government, Your
4  Honor.

5           THE COURT:  This is a plea of guilty before Judge
6  Vela, a single-count indictment, no plea agreement, involving
7  alien unlawfully found in the United States after deportation,
8  after previous conviction for aggravated felony.  Aggravated
9  felony was a 1984 involuntary manslaughter conviction where he
10 pled guilty and as a result deported from the United States in
11 1986.  He was deported a second time in April of 1999, then
12 in August of 2000 he was in the process of attempting to renew
13 a driver's license under a resident alien card.  It appeared
14 fraudulent.  And then was arrested, charged with being
15 unlawfully here again after that felony conviction.  Had a
16 total offense level of 21, after being given credit for
17 acceptance of responsibility here.  The defendant also had a
18 Criminal History Category of Six because of the prior record
19 convictions, giving him a custodial guideline range of 77 to
20 96 months, supervisory release range of two to three years,
21 seventy-five hundred to $75,000 in fines and a $100 special
22 assessment.

23          Is there anything that you would like to state,
24 Mr. Vasquez, prior to sentence in mitigation of punishment?
25          THE DEFENDANT:  I first would like to say I am sorry,

1  and ask that you give me some consideration by giving me an
2  opportunity to get my situation fixed.  I have been
3  working.  I know my future is in your hands.  May God bless
4  you and thank you for listening to me, Your Honor.
5           MR. STAPLETON:  May I address the Court as well, Your
6  Honor?
7           THE COURT:  Yes, counsel.
8           MR. STAPLETON:  Your Honor, this is a case that I
9  believe the guidelines are in many ways inadequate to
10 evaluate.  Mr. Vasquez-Montero has a criminal history almost
11 entirely or truly entirely related to a previous drinking
12 problem.  He came into this country over 20 years ago.  He
13 remains with support of his family who are in the courtroom
14 today.
15          The consequences of his drinking have been enormous
16 and there is no question about that.  Since his last
17 incarceration in '98, he has begun efforts that I would
18 suggest to the Court have caused a fundamental change in this
19 man.  He was involved in a program while in jail in which he
20 was able to exchange --  experience strength and hope of
21 people.
22          He has been working on steps and has a sobriety date
23 that is over two years old in this case.  It was merely as a
24 result of his going into -- get his driver's license in this
25 case that he was arrested.

1          If there were any way for the Court to consider under
2    either his inherent Title 3 powers or under some theory of the
3    inadequacy of the guidelines, and this case being outside of
4    the guidelines because there is no provision for change, for
5    either the previous criminal history is over represented
6    because of this man's change, I would urge that this would be
7    the case to do it.
8          In no instance I would urge it would be appropriate
9    to give above the minimum level of the guidelines.
10         Mr. Vasquez Montero is now aware that he is not going
11   to be able to remain in the United States or ever again to
12   return.  His family is supportive of him in that.  We have
13   discussed that issue with them.  And they understand that even
14   though they have their lives here and that they will have to
15   have any kind of life with him on the other side.
16         What I would urge is that this is a case in which the
17   guidelines do not adequately reflect his situation.  I would
18   ask that the Court consider departing downward from the
19   guidelines or barring that giving a minimum level under the
20   guidelines.
21         THE COURT:  Any response from the Government?
22         MS. KIRKPATRICK:  Your Honor, the Government would
23   oppose any such downward departure, seeing that even after the
24   defendant's drinking and driving resulted in the death of an
25   individual, he proceeded to repeatedly drink and drive and

Case 1:02-cv-00209   Document 1   Filed in TXSD on 10/30/2002   Page 8 of 18

23

```
 1   drive while under the influence.  Was arrested on many
 2   different occasions.  We feel that any under representation
 3   of the criminal history is by no means present here and would
 4   in fact defer to the recommendation of the probation office
 5   and the PSR and would oppose any such downward departure.
 6              THE COURT: Mr. Vasquez-Montero, you heard what your
 7   lawyer has said and what the Government has said?
 8              THE DEFENDANT: Yes.
 9              THE COURT: Do you have anything you would like to
10   add?
11              THE DEFENDANT: No.
12              THE COURT: Looking at that part of the report which
13   talks about the criminal history, beginning in 1983, your age
14   of 39 --  I believe you are about 55 years old now, sir?
15              THE DEFENDANT: Yes.
16              THE COURT: Back in '83 at 39 he had a DWI in
17   Brownsville, Texas.  Pled guilty.  Received three days in
18   jail and one-fifty in fines.
19              And then in April of 1984 he pled guilty and received
20   a five-year term imprisonment for involuntary manslaughter
21   growing out of an auto accident involving the death of a
22   passenger while the defendant was driving that vehicle
23   intoxicated.  He was paroled in '85 and deported in 1986
24   because of that and then discharged in 1989 from parole.
25   -          But then subsequent to his deportation in June of '86
```

1  he is arrested again in December of '86, six months after the
2  deportation. He was found again in Brownsville, Texas,
3  driving while intoxicated. Pled guilty to that.
4          And then in 1997, in May of '97, again arrested for
5  driving while intoxicated. Pled guilty to that in October,
6  '97. And then again in May of '97 he pleads guilty to
7  failure to stop and leave information in Brownsville, Texas,
8  in September of '98 for a one-car accident, received a
9  consecutive sentence.
10         A DWI in August of '97. Pled guilty in August of
11 '98. He admitted he had consumed between ten to 12 beers
12 the night before, again growing out of a one-car accident.
13         And then again in April of '98, DWI, driving while
14 intoxicated again in Brownsville. Pled guilty March of '99.
15         Prior to that report in Cameron County he was driving
16 in an erratic manner. He was stopped and smelled of alcohol,
17 unsteady on his feet, bloodshot eyes. Refuses to give a
18 sobriety test. Taken to jail.
19         Criminal history category accurately reflects his
20 past criminal conduct. I see there was pending driving while
21 license suspended charge in July of 2000 in Cameron County
22 Court. There is some case remaining outstanding from
23 November in that particular charge.
24         Does anyone know the status of that? Is it still
25 outstanding? I take it is.

1                There are some other arrests involved. Looks like
2   dismissals, all related to driving while intoxicated.
3                I am only looking at your conviction history,
4   Mr. Vasquez-Montero. You admit to the excessive use of
5   alcohol. You say you began drinking at ten years old. About
6   six beers per sitting, five times each week. You attended
7   alcohol counseling while in state prison in 1985. You
8   acknowledge that you have a problem.
9                When you went through the alcohol counseling in state
10  prison did you -- how far did go? What steps did you reach,
11  if any? You know what I am talking about when I say "steps"?
12               THE DEFENDANT: No.
13               THE COURT: Are you familiar with the drug step
14  program?
15               THE DEFENDANT: No, I haven't been told about that.
16               THE COURT: Hopefully you will be with the Bureau of
17  Prisons. Not only told about it but placed in it for your
18  own benefit, as well as the benefit of your family and society
19  at large.
20               I am overruling, counsel, your request for reduction,
21  and request for downward departure. I think that the
22  enhancement here takes into account -- accurately takes into
23  account this defendant's excessive violations of the law.
24  Almost as if they are constant from age 39 to present. If
25  there had only been maybe one instance of DWI, even with the

1  involuntary manslaughter conviction, some span of time between
2  them to convince me that he has learned his lesson, I probably
3  would have agreed with your request for downward departure.
4  I can't do it because I think this defendant poses a serious
5  risk due to his illness not only to himself but to those
6  around him and society at large.
7       Is there anything else, Mr. Vasquez-Montero, that you
8  would like to state in mitigation prior to sentence?
9       THE DEFENDANT:  Well, I would just ask you for an
10 opportunity since I am not drinking anymore.
11      THE COURT:  Well, considering what you said and what
12 your lawyer said to sentence you at the low end of the
13 guideline range, even though I was really looking at something
14 on the mid-level, I think even at the low end it would give
15 enough time to you and the Bureau of Prisons to give you some
16 type of supervision if indeed you take counseling.
17      But having adopted the factual findings and the
18 guideline calculations of the presentence report made by
19 probation, pursuant to the Sentencing Reform Act of 1984, it
20 is the judgment of the Court that the defendant is committed
21 to the custody of the Bureau of Prisons, to be imprisoned, for
22 a term of 77 months.  Upon release from imprisonment he be
23 placed on supervised release for a term of three years without
24 supervision.
25 -    While on supervised release he will not commit

1  another Federal, State or local crime, comply with the
2  standard conditions adopted by the Court and mandatory
3  conditions required by law and comply with all other
4  additional conditions.  You are not to reenter the United
5  States illegally.
6          As an alien, subject again to deportation, I need to
7  warn you, sir, that upon return to the United States
8  illegally, you are subjecting yourself to jail of up to 20
9  years.
10         Further, that you will not illegally possess a
11 controlled substance and refrain from unlawful use of a
12 controlled substance and not to possess a firearm or
13 destructive device.
14         I recommend that you be placed in a Bureau of Prisons
15 facility nearest to your family, as well as in one that will
16 address your alcohol illness.  At least continue to receive
17 some counseling and treatment, if necessary.
18         You are also warned that because of the alarming
19 increase of people like yourself driving while intoxicated,
20 this Court considers such violations as criminal offenses that
21 could result in the mandatory revocation of supervised release
22 in addition to jail time.
23         Do you understand those warnings?
24         THE DEFENDANT:  Yes.
25         THE COURT:  I will waive the fine since you don't the

1  ability to pay a fine.

2         Special assessment of $100 imposed immediately.

3         Also, you have a right to appeal your sentence within
4  ten days from today otherwise the appeal could be dismissed as
5  being untimely.

6         You have a right to appointed counsel as well as a
7  free transcript of these proceedings.

8         Do you understand your appeal rights?

9         THE DEFENDANT: Yes.

10        THE COURT: All right.  Good luck to you, sir.

11        The family is here.  The marshal can accommodate him
12  to talk to his family, but only if you can accommodate him.

13        U. S. MARSHAL: Yes, Your Honor.

14        Good luck, sir.

15        MR. STAPLETON: Thank you, Your Honor.

16        [PROCEEDINGS ADJOURNED]

17

18

19

20

21

22

23

24

25    -

1  IN THE UNITED STATES DISTRICT COURT:

2  FOR THE SOUTHERN DISTRICT OF TEXAS:

3

4

5      I, WILLIAM G. HOLLOWAY, certify that the foregoing is a

6  correct transcript from the record of proceedings in the

7  above-entitled matter.

8

9

10

11                                              DATE: 5/22/01

12       WILLIAM G. HOLLOWAY
         OFFICIAL COURT REPORTER

13

14

15

16

17

18

19

20

21

22

23

24

25

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40073
Conference Calendar

U.S. COURT OF APPEALS
FILED

DEC 12 2001

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

                                                                        Plaintiff-Appellee,

versus

JOSE JESUS VASQUEZ-MONTERO,

                                                                         Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-378-1

---

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

    The Federal Public Defender appointed to represent appellant Jose Jesus Vasquez-Montero (Vasquez) has moved for leave to withdraw and has filed a brief as required by <u>Anders v. California</u>, 386 U.S. 738 (1967). Vasquez has not filed a response.

    Our independent review of the brief and the record discloses no nonfrivolous issue in this direct appeal. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. <u>See</u> 5TH CIR. R. 42.2.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

December 12, 2001

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW
Regarding: Fifth Circuit Statement on Petitions for Rehearing or Rehearing En Banc

No. 01-40073 USA v. Vasquez-Montero
USDC No. B-00-CR-378-1

---

Enclosed is a copy of the court's decision. The court has entered judgment under FED. R. APP. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

FED. R. APP. P.'s 39 through 41, and 5TH CIR. RULES 35, 39, and 41 govern costs, rehearings, and mandates. **5TH CIR. RULES 35 and 40 require you attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.** Please read carefully the Internal Operating Procedures (IOP's) following FED. R. APP. P. 40 and 5TH CIR. R. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>. 5TH CIR. R. 41 provides that a motion for a stay of mandate under FED. R. APP. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under FED. R. APP. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _Deborah M. Graham_
Deborah M. Graham, Deputy Clerk

Enclosure
Mr. James Lee Turner
Mr. Roland E Dahlin II
Ms. Renata Ann Gowie
Mr. Jose Jesus Vasquez-Montero